RE: OPEN MEETING ACT/J. D. MCCARTY CENTER
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL OPINION REGARDING THE APPLICABILITY OF THE OPEN MEETING ACT, 25 O.S. 301, ET Q., TO THE MEDICAL STAFF COMMITTEES OF THE J. D. MCCARTY CENTER FOR HANDICAPPED CHILDREN. I HAVE REVIEWED THE DOCUMENTS TRANSMITTED WITH YOUR LETTER, AND ATTORNEY GENERAL HENRY HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU WITH THIS LETTER.
FIRST, PLEASE UNDERSTAND THAT THIS LETTER DOES NOT CONSTITUTE A FORMAL, BINDING OFFICIAL OPINION OF THE ATTORNEY GENERAL. YOUR INQUIRY ASKS FOR SUCH A DETERMINATION AS TO THE PRESENT STATUS OF THE VARIOUS COMPONENTS OF THE MEDICAL STAFF STRUCTURE AT THE CENTER, AND THIS OFFICE IS FORBIDDEN BY LAW TO MAKE FACTUAL DETERMINATIONS IN FORMAL OPINIONS. 74 O.S. 18 B (1987). HOWEVER, THE FOLLOWING INFORMAL LETTER IS PROVIDED FOR YOUR INFORMATION. PLEASE BE ADVISED, HOWEVER, THAT THIS LETTER IS SOLELY THE OPINION OF THE AUTHOR AND SHOULD NOT BE CONSTRUED A BINDING, OFFICIAL OPINION OF THE ATTORNEY GENERAL.
THE OPEN MEETING ACT, 25 O.S. 301 (1987), ET SEQ., APPLIES TO ALL "PUBLIC BODIES," AS THAT TERM IS FURTHER DEFINED IN SECTION 304(1) THEREOF. THE TERM "PUBLIC BODIES", ON ITS FACE, PURPORTS TO APPLY TO "ALL . . . BOARDS, BUREAUS, COMMISSIONS, AGENCIES, TRUSTEESHIPS, AUTHORITIES, COUNCILS, COMMITTEES, PUBLIC TRUSTS, TASK FORCES OR STUDY GROUPS" IN THE STATE "SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDING OF PUBLIC FUNDS, OR ADMINISTERING PUBLIC PROPERTY." ID. THE SAME SECTION OF THE ACT GOES ON TO RECITE THAT THIS COVERAGE EXTENDS TO ALL COMMITTEES OR SUBCOMMITTEES OF ANY PUBLIC BODY, BUT DOES NOT INCLUDE ADMINISTRATIVE STAFFS OF PUBLIC BODIES.
IN THIS REGARD, THE OKLAHOMA SUPREME COURT HAS LIMITED THE SCOPE OF THE ACT BY JUDICIAL DECISION SO THAT MEETINGS OF COMMITTEES AND SUBCOMMITTEES OF PUBLIC BODIES ARE NOT REQUIRED TO ADHERE TO ITS MANY REQUIREMENTS IF SUCH ENTITIES ARE MERELY ADVISORY IN NATURE AND EXERCISE NO POWER OF THE MAIN PUBLIC BODY WHATSOEVER, WHETHER SAME IS GRANTED BY SOME RESOLUTION OR OTHER MECHANISM OF DE JURE INVESTITURE, OR WHETHER SUCH AUTHORITY EXISTS IN FACT, DESPITE A LACK OF SOME FORMAL ACT OF LEGITIMIZATION. SANDERS V. BENTON, 579 P. 2D 815 (OKLA. 1978).
MY REVIEW OF THE MATERIALS THAT YOU TRANSMITTED TO THIS OFFICE FOR REVIEW, WHICH ARE COMPRISED OF AN UNDATED MEMORANDUM FROM ONE PATRICK CHERRY TO A NANCY CHESS, TOGETHER WITH A COPY OF AN UNDATED SET OF "MEDICAL/DENTAL STAFF BYLAWS AND RULES AND REGULATIONS OF J. D. MCCARTY CENTER FOR HANDICAPPED CHILDREN," LEADS ME TO THE CONCLUSION THAT THE VARIOUS COMMITTEES OF THE MEDICAL/DENTAL STAFF ARE NOT SUBJECT TO COMPLIANCE WITH THE TERMS OF THE ACT, AS IT APPEARS THAT SUCH ENTITIES ARE NOT COMMITTEES OF THE COMMISSION, AND DO NOT HAVE ANY GRANT OF POWER THAT IS NOT ULTIMATELY MERELY ADVISORY IN NATURE, EVEN AS TO THE GRANTING OF STAFF MEMBERSHIP PRIVILEGES. RATHER, THESE ENTITIES, AS PRESENTLY CONSTITUTED, APPEAR TO BE MORE ANALOGOUS TO ADMINISTRATIVE STAFF COMMITTEES, ALTHOUGH I FULLY REALIZE THAT THERE ARE SOME DISTINCTIONS THAT COULD BE DRAWN BETWEEN THE TWO TYPES OF SITUATIONS.
HOWEVER, IN THIS REGARD, PLEASE UNDERSTAND THAT I HAVE NO REAL INFORMATION ABOUT THE MANNER IN WHICH THESE COMMITTEES ARE ACTUALLY OPERATED AND FUNDED, AND SPECIFIC FACTUAL CIRCUMSTANCES NOT EVIDENT FROM MERELY READING THROUGH THE BYLAWS COULD ALTER THE CONCLUSIONS DRAWN IN THIS LETTER.
(MICHAEL SCOTT FERN)